*Atkins,* 273 App. Div. 356, 358–359, affd. 298 N. Y. 750). If, as defendant urges, plaintiffs were mere licensees, the remedy at law is also adequate because damages are readily measurable and admittedly recoverable. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ PHILIP PAWLEY et al., Copartners Doing Business as LAUNDRICOIN COMPANY, Respondents, v. G. H. G. BUILDING CORP., Appellant.— Motion for stay dismissed as academic, having become so by virtue of the decision of this court in *Pawley* v. *G. H. G. Bldg. Corp.* (9 A D 2d 890). Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ In the Matter of ROBERT L. BRADFORD, Petitioner, against THOMAS A. AURELIO et al., Individually, and as Justices of the Supreme Court of the State of New York, County of New York, Appellate Term, First Judicial Department, et al., Respondents.— Motions by respondents, Justices of the Appellate Term of the Supreme Court, and by respondent corporation granted, and petition dismissed, with $20 costs and disbursements to the respondents. In this proceeding under article 78 of the Civil Practice Act petitioner seeks an order directing Justices of the Appellate Term of the Supreme Court to hear and determine an appeal which had been dismissed for lack of diligent prosecution. That appeal was from an order of the Municipal Court denying a motion by petitioner to vacate a default judgment which had been entered against him. Respondents, the Justices of the Appellate Term, have moved pursuant to section 1293 of the Civil Practice Act to dismiss the petition as a matter of law. In addition, the respondent corporation — the plaintiff in the Municipal Court action — has moved to dismiss the petition for insufficiency. Subdivision 1 of section 1285 of the Civil Practice Act provides that the procedure under article 78 is not available to review a determination made in a civil action or special proceeding by a court of record or a judge of a court of record except an order summarily punishing a contempt of court. Since the determination which petitioner assails was made by the Appellate Term of the Supreme Court — a court of record — relief may not be obtained in an article 78 proceeding. Accordingly, the motions to dismiss should be granted. If the order of the Appellate Term could be adequately reviewed by an appeal to this court, relief in an article 78 proceeding would be equally unavailable to petitioner (Civ. Prac. Act, § 1285, subd. 4). However, since we are dismissing the proceeding because of subdivision 1 of section 1285 of the Civil Practice Act we do not pass upon the question of the appealability of the Appellate Term order. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ PARK TERRACE CATERERS, INC., et al., v. PATRICK McDONOUGH, as President of BLUEPRINT, PHOTOSTAT & PHOTO EMPLOYEES' UNION, LOCAL 24910, AFL–CIO, et al.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ In the Matter of JAMES M. KELLY, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York.— Motion for leave to reargue denied, with 10 costs. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ WILLIAM E. NELSON v. CROSS & BROWN COMPANY. DONALD Q. DEVINE.— Motion for leave to reargue denied, with $10 costs. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ · BENJAMIN ACKMAN et al., v. TOREN, INC.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.